

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
   Plaintiff,
   v.
DESMOND SHAMAR BICE,
   Defendant.

Case No. CR 25-248-MCS

ORDER OF DETENTION

I.

On April 16, 2025, Defendant Desmond Shamar Bice made his initial appearance in this district on the Indictment filed in this case.[1] Deputy Federal Public Defender James Threatt was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Kelly Laroque. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the

---

[1] Defendant made his initial appearance in the Western District of New York on April 9, 2025.

history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)]. The Court also considered the report and recommendation prepared by United States Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ unverified background information
- ☒ prior bench warrant – defendant was on supervised release and travelled to New York without permission where he was arrested for the instant offense.
- ☒ history of substance use
- ☒ lack of family or other ties to CDC.

As to danger to the community:

- ☒ Seriousness of allegations in the indictment and that the offense conduct was repeated: Defendant was on supervised release following his conviction for a similar experience and committed the alleged offense while on supervised release.
- ☒ extensive criminal history includes convictions for firearms violations, drug offenses., and probation revocations.

## V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 16, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE